MEDTECH PRODUCTS INC.,

        Plaintiff,

v.

RANIR, LLC,

        Defendant.

Civil Action No.
2:15-cv-02584-JPM-tmp

<u>JURY DEMANDED</u>

---

### ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

---

Before the Court is Defendant Ranir, LLC's Motion to Transfer Venue, filed on November 3, 2015. (ECF No. 21.) For the following reasons, the Court DENIES the Motion.

I.    **BACKGROUND**

A.    **Factual Background**

Plaintiff Medtech Products Inc. ("Plaintiff") is a Delaware corporation with its principal place of business in Tarrytown, New York. (Compl. ¶ 1, ECF No. 1.) Plaintiff asserts that it is the assignee of U.S. Patent No. 7,658,193 ("the '193 Patent") and U.S. Patent No. 8,316,859 ("the '859 Patent"), each of which is a patent for an "interocclusal appliance and method." (Id. ¶¶ 3-5, 11.) Plaintiff alleges that Defendant has infringed literally or under the doctrine of equivalents the '193 and the '859 Patents and that the infringement has been willful and

deliberate.  (Id. ¶¶ 31-37.)

Defendant Ranir, LLC ("Defendant") is a Delaware limited liability company with its principal place of business in Grand Rapids, Michigan.  (Id. ¶ 2.)  Defendant denies the allegations of infringement.  (Answer ¶¶ 31-37, ECF No. 17.)  Defendant also denies that venue is proper in the Western District of Tennessee.  (Id. ¶ 29.)  Defendant asserts that the litigation should be transferred to the Western District of Michigan. (Id.)  Defendant asserts that the Western District of Michigan is a "far more convenient venue for the witness and the parties" that "possesses a unique, particularized local interest" in the technology at issue because the design and development of the accused product took place in the Western District of Michigan. (ECF No. 22 at 2.)  Plaintiff asserts that the forum-selection clause in a 2007 settlement agreement between the parties requires transfer to the Southern District of New York.  (ECF No. 34 at 5.)  Even without the forum-selection clause, Plaintiff asserts that Defendant cannot meet its burden of showing that transfer to the Western District of Michigan is appropriate.  (Id. at 16-17.)

### B. Procedural Background

On September 8, 2015, Plaintiff filed a Complaint in the U.S. District Court for the Western District of Tennessee. (Compl., ECF No. 1.)  With leave of Court, Defendant filed its

Answer and Counterclaim on October 29, 2015. (Answer & Countercl., ECF No. 17.)

On November 3, 2015, Defendant filed the instant Motion to Transfer Venue to the Western District of Michigan. (ECF No. 21.) Plaintiff responded in opposition on November 20, 2015. (ECF Nos. 34-35.) With leave of Court, Defendant filed a reply brief on November 30, 2015. (ECF No. 42-1.)

On November 9, 2015, Defendant filed a Motion to Stay pending the resolution of the determination of proper venue. (ECF No. 27.) Plaintiff responded in opposition on November 25, 2015. (ECF No. 40.)

On November 25, 2015, Plaintiff filed its own Motion to Transfer Venue to the Southern District of New York. (ECF Nos. 38-39.) Defendant responded in opposition on December 14, 2015. (ECF Nos. 57-58.) Plaintiff's Motion remains pending before the Court.

On December 2, 2015, Defendant filed a Notice of Supplemental Authority in support of its Motion to Transfer Venue. (ECF No. 50.) On the same day, the Court held a telephonic hearing on Defendant's Motion to Transfer Venue and Motion to Stay. (Min. Entry, ECF No. 51.) The Court granted in part and denied in part Defendant's Motion to Stay on the same day. (ECF No. 52.)

## II.  LEGAL STANDARD

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  A defendant corporation is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  The Federal Circuit has held that § 1391 applies to all venue statues in its same chapter, including § 1400(b).  See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1580 (Fed. Cir. 1990) ("the language of the statute . . . reveal[s] 'a clear intention' that § 1391(c) is to supplement § 1400(b)").[1]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the

---

[1] There is a current petition for a writ of mandamus before the Federal Circuit that challenges the validity of VE Holding because the language in §§ 1391(a) and (c) has changed since VE Holding was decided.  (Pet. for Writ of Mandamus, In re TC Heartland, No. 16-105 (Fed. Cir. Oct. 23, 2015), ECF No. 2.)  The court ordered a response on October 26, 2015.  (Order Requesting Response, id., ECF No. 3.)  The respondent filed its response on November 9, 2015.  (Response, id., ECF No. 27.)  The court has not yet ruled on the petition; VE Holding is still applicable in this case.

interest of justice' make a transfer appropriate." Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009); see Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).

In determining whether to transfer a case under § 1404(a), the court must first determine whether the claim could have been brought in the transferee district. 28 U.S.C. § 1404(a) (allowing transfer to any other district in which the claim "might have been brought"). Once the court has made this threshold determination, the court must then determine whether party and witness "convenience" and "the interest of justice" favor transfer to the proposed transferee district. See Reese, 574 F.3d at 320; One StockDuq Holdings, LLC v. Becton, Dickinson & Co., No. 2:12-cv-03037-JPM-tmp, 2013 WL 1136726, at *2 (W.D. Tenn. Mar. 18, 2013). In weighing these statutory factors, the court may still consider the private- and public-interest factors set forth in the pre-Section 1404(a) case, Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947), but courts are not burdened "with preconceived limitations derived from the forum non conveniens doctrine." Norwood, 349 U.S. at 31 (quoting All States Freight v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952)).

A plaintiff has the privilege of selecting an advantageous venue so long as it is consistent with jurisdictional and venue limitations. Atl. Marine Constr. Co. v. U.S. Dist. Court for

the W. Dist. of Tex., 134 S. Ct. 568, 581 (2013).  Although

there is a strong presumption in favor of the plaintiff's choice

of forum under the doctrine of forum non conveniens, under

§ 1404(a), a plaintiff's choice of forum is entitled to less

deference.  Discussing the difference between the common-law

doctrine of forum non conveniens and the federal

transfer-of-venue statute in Norwood, the Supreme Court stated,

> When Congress adopted § 1404(a), it intended to
> do more than just codify the existing law on forum
> non conveniens. . . . [W]e believe that Congress, by
> the term "for the convenience of parties and
> witnesses, in the interest of justice," intended to
> permit courts to grant transfers upon a lesser
> showing of inconvenience.  This is not to say that
> the relevant factors have changed or that the
> plaintiff's choice of forum is not to be considered,
> but only that the discretion to be exercised is
> broader.

Norwood, 349 U.S. at 32; see also Lemon v. Druffel, 253 F.2d

680, 685 (6th Cir. 1958) ("The choice of the forum by the

petitioner is no longer as dominant a factor as it was prior to

the ruling in Norwood v. Kirkpatrick[.]").

Defendant's burden under § 1404(a) is to demonstrate by a

preponderance of the evidence that a change of venue to the

transferee district is warranted.  See Esperson v. Trugreen Ltd.

P'ship, No. 2:10-cv-02130-STA-cgc, 2010 WL 4362794, at *2 (W.D.

Tenn. Oct. 5, 2010), adopted by 2010 WL 4337823 (W.D. Tenn. Oct.

27, 2010).  "Merely shifting the inconvenience from one party to

another does not meet Defendant's burden."  McFadgon v. Fresh

6

Mkt., Inc., No. 05-2151-D/V, 2005 WL 3879037, at *2 (W.D. Tenn. Oct. 21, 2005). "[T]he movant must show that the 'forum to which he desires to transfer the litigation is the more convenient one vis a vis the plaintiff's initial choice.'" Roberts Metals, Inc. v. Fla. Props. Mktg. Grp., Inc., 138 F.R.D. 89, 93 (N.D. Ohio 1991) (quoting Mead Corp. v. Oscar J. Boldt Constr. Co., 508 F. Supp. 193, 198 (S.D. Ohio 1981)), aff'd per curiam, 22 F.3d 1104 (6th Cir. 1994) (unpublished table decision).

## III. ANALYSIS

Defendant asserts that venue is improper in the Western District of Tennessee. (ECF No. 22 at 6-7.) Defendant, however, acknowledged during the motion hearing that it is subject to this Court's personal jurisdiction. Thus, as § 1391(c) still applies to § 1400(b), absent a decision invalidating VE Holding, the Court finds that venue is proper in the Western District of Tennessee.

Defendant asserts that Plaintiff could have brought this action in the Western District of Michigan. (ECF No. 22 at 7.) For the purpose of responding to Defendant's motion only, Plaintiff does not dispute this assertion.[2] (ECF No. 34 at 16.)

---

[2] Plaintiff asserts, however, that there is an applicable forum-selection clause in an agreement between the parties that dictates transfer to the Southern District of New York. (See generally ECF Nos. 34, 38.)

The Court agrees that Plaintiff could have brought suit in the Western District of Michigan.

Therefore, the only issue remaining is whether the balance of the statutory factors – the convenience to the parties, the convenience to the witnesses, and the interest of justice – favors transfer to the Western District of Michigan. The Court will first address each statutory factor separately and then weigh these factors to determine whether transfer to the Western District of Michigan is proper pursuant to § 1404(a).

### A. Convenience to Parties

"A defendant who moves for a transfer under § 1404(a) is required to show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by the transfer." Aultman, Tyner & Ruffin, Ltd. v. Capital Rubber & Specialty Co., Civil Action No. 2:10cv223KS-MTP, 2011 WL 213471, at *11 (S.D. Miss. Jan. 21, 2011). Factors related to the convenience of the parties include "relative ease of access to sources of proof . . . and other practical problems that make trial of a case easy, expeditious and inexpensive." Atl. Marine, 134 S. Ct. at 581 n.6. The Court finds that the location of sources of proof is a neutral factor and that the financial hardships associated with litigation in Plaintiff's chosen forum do not weigh in favor of a transfer of venue.

## 1. Location of Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). The Federal Circuit in Genentech noted that the district court had erred by stating that the access to evidence factor was neutral when the documents of the petitioner, the party seeking transfer, were either in the transferee venue or in the transferee state while the documents of the respondent were in Europe or Washington, D.C. and would have to be transported anyway to the respondent's chosen venue. Id. at 1345–46.

Defendant asserts that "the vast majority of potentially relevant documents related to . . . the accused product [is] located in the Western District of Michigan," whereas none are known to be physically located in Tennessee. (ECF No. 22 at 12.) Plaintiff argues that documents relating to the patent as well as the 2007 settlement agreement, which is implicated by

Defendant's affirmative defense of a license, are located in the Western District of Tennessee in Memphis.[3]  (ECF No. 34 at 17.)

Unlike the respondent in <u>Genentech</u>, Plaintiff would not have to transport its documents to the transferor venue, since the documents are already located in this district.  It would not be "only <u>slightly</u> more inconvenient or costly to require the transportation of those materials," <u>Genentech</u>, 566 F.3d at 1346 (emphasis added), but rather, unnecessary and thus, much more inconvenient to transport the documents from this district to Defendant's desired venue.  Further, when "[n]othing in the record indicates that 'the documents are so voluminous that their shipment will impair the parties' ability to conduct a trial in this district[,] . . . . the location of documents should be considered a neutral factor." <u>Ajose v. Interline Brands, Inc.</u>, No. 3:14-cv-1707, 2015 WL 5773080, at *3 (M.D. Tenn. Sept. 30, 2015).  Defendant has not asserted a quantity of

---

[3] Defendant argues that Plaintiff's documents are "immaterial" for purposes of this motion to transfer. (ECF No. 42-1 at 4.)  Defendant cites <u>In re Verizon Business Network Services Inc.</u>, in which the Federal Circuit found that a transfer of venue to another district, simply because the transferee district had handled a case involving the same patent five years earlier, was not justified. <u>See</u> 635 F.3d 559 (Fed. Cir. 2011).  This case is not analogous to <u>Verizon</u> because although the settlement agreement is even more than five years old, Plaintiff does not argue that transfer should be denied only because documents related to the settlement agreement are located in the Western District of Tennessee.  Rather, Plaintiff asserts that patent-related documents in addition to the settlement documents are located in Memphis (ECF No. 34 at 17) and that its choice of venue was also based on the sale of infringing products in this district and this Court's designation as a Patent Pilot Program court (<u>id.</u> at 16).  Thus, the Court finds that Plaintiff's asserted documents in Memphis are material and not the sole reason for its opposition to a transfer of venue.

documents that would impede transport so much that this factor would weigh in favor of transfer to the Western District of Michigan.  The Court has found previously that a greater volume of documents in the transferee venue is not "enough to tip the balance in favor of transfer" when "both parties maintain documents in their respective districts . . . [and] both sets of documents will be integral to the proceedings."  B.E. Tech., LLC v. Apple Inc., No. 2:12-cv-02831-JPM-tmp, 2013 WL 3166620, at *9 (W.D. Tenn. June 20, 2013).  Thus, the Court finds that the location of sources of proof is a neutral factor.

### 2. Financial Hardships Attendant to Litigating in the Chosen Forum

"[T]he relative ability of litigants to bear expenses in any particular forum" is one factor that this Court has considered in § 1404(a) cases.  B.E. Tech., 2013 WL 3166620, at *10 (quoting Ellipsis, Inc. v. Colorworks, Inc., 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004)).  When asserting financial hardships, the parties should state them with specificity.  See id. ("[Plaintiff's] CEO stated that the company will incur additional expenses, but it has not shown with any specificity how detrimental those expenses would be to the company."); Siteworks Sols., LLC v. Oracle Corp., No. 08-2130-A/P, 2008 WL 4415075, at *4 (W.D. Tenn. Sept. 22, 2008) ("[Defendant] has failed to show that transporting the documents . . . would cause

11

a specific hardship."). When "the evidence presented is insufficient to make a showing that [a party] will be adversely affected by litigating in either forum[,] [t]he paramount consideration remains whether the [transferee forum] is <u>more convenient</u> to the parties than [Plaintiff's] chosen forum." <u>B.E. Tech.</u>, 2013 WL 3166620, at *10.

Defendant asserts that the Western District of Michigan is, in fact, far more convenient to the parties because nearly all of Defendant's employees, including those who may testify in this case, are located there while Plaintiff has no known connection to the Western District of Tennessee except that its trial counsel is located in Tennessee. (ECF No. 22 at 13.) Plaintiff asserts that the Western District of Michigan is far less convenient for its employees and witnesses because of troublesome travel arrangements to Grand Rapids or Kalamazoo, the two possible locations for this case upon transfer. (ECF No. 34 at 17-18.)

Defendant also asserts that its lead trial counsel has offices only a few hours from the Western District of Michigan, but eight hours from the Western District of Tennessee. (ECF No. 22 at 13.) Plaintiff asserts that a transfer would increase its expenses because there are no direct flights from Memphis to Grand Rapids. (ECF No. 34 at 17-18). Courts have found, however, that "[t]he factor of 'location of counsel' is

12

irrelevant and improper for consideration in determining the question of transfer of venue." In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003); see, e.g., Siddiqi v. Gerber Prods. Co., No. CV 12-1188 PA (RZx), 2012 WL 11922412, at *2 (C.D. Cal. Mar. 26, 2012); Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973). The Court does not, therefore, take into account the location of either party's counsel for this convenience analysis.

While both parties argue that they will experience hardships because of travel to the opposing party's choice of venue, neither party describes specifically the significance of the asserted hardships in terms of time loss or monetary expense, or asserts that it will be unable to bear such costs. See Siteworks, 2008 WL 4415075, at *4 (finding the relative financial strengths of the parties did not weigh in favor of transferring the case, as the party opposed to transfer "ha[d] no net worth, very little revenue, no gross profits, no assets, and [would need to] borrow from its owners in order to pay the litigation expenses"); cf. B.E. Tech., 2013 WL 3166620, at *10 (considering a party's ability to bear costs in an undesirable forum as non-dispositive evidence only). Defendant has failed to meet its burden of demonstrating that a transfer of venue will be more convenient to both parties as compared to the venue Plaintiff has chosen. While the Western District of Michigan is

more convenient for Defendant than the Western District of
Tennessee, it does not appear to be more convenient for
Plaintiff.  Accordingly, the financial hardships factor does not
support a transfer of venue.

### B.    Convenience to Witnesses

"The convenience of the witnesses 'is perhaps the most
important factor in the transfer analysis.'"  Ajose, 2015 WL
5773080, at *3 (quoting Steelcase, Inc. v. Smart Techs., Inc.,
336 F. Supp. 2d 714, 720 (W.D. Mich. 2004)).  When asserting
that a transferee district is more convenient for witnesses, a
party "must produce evidence regarding the precise details of
the inconvenience" of the forum chosen by the plaintiff.
Esperson, 2010 WL 4362794, at *8.  To satisfy its burden, the
movant must do "more than simply assert[] that another forum
would be more appropriate for the witnesses; 'he must show that
the witnesses will not attend or will be severely inconvenienced
if the case proceeds in the forum district."  Id. (quoting
Roberts Metals, Inc., 138 F.R.D. at 93 (internal quotation marks
omitted)).  Further, "to support a finding that this factor
favors transfer, the party asserting that the forum is
inconvenient for witnesses should 'proffer, by affidavit or
otherwise, sufficient details respecting the witnesses and their
potential testimony to enable a court to assess the materiality
of evidence and the degree of inconvenience.'"  One StockDuq,

2013 WL 1136726, at *4 (quoting Eaton v. Meathe, No. 1:11-cv-178, 2011 WL 1898238, at *3 (W.D. Mich. May 18, 2011)). "[I]t is the 'materiality and importance of the testimony of prospective witnesses, and not merely the number of witnesses,' that is crucial to this inquiry." Id. (quoting Rinks v. Hocking, No. 1:10-cv-1102, 2011 WL 691242, at *3 (W.D. Mich. Feb. 16, 2011)). The Court finds that neither convenience to party witnesses nor convenience to non-party witnesses weighs in favor of transfer to the Western District of Michigan.

### 1. Party Witnesses

Defendant asserts that nearly all of its employees work in the Western District of Michigan and none work in Tennessee. (ECF No. 22 at 11.) Defendant also asserts that Plaintiff's employees are located in New York and that the inventor is located in Pennsylvania. (Id.) Plaintiff argues that the convenience to party witnesses should hold little weight in analyzing the motion to transfer because "courts have held that it is likely witnesses will be cooperative when employed by a party because of their employment responsibilities." (ECF No. 34 at 19 (quoting Esperson, 2010 WL 4362794, at *8).) Further, Defendant provides an exhibit demonstrating that it is approximately only one hour more for Plaintiff's potential employee witnesses in New York to fly to Memphis than to Grand Rapids. (ECF No. 44-6.) This does not constitute a severe

15

inconvenience in favor of transfer. Therefore, because there is
no evidence that Defendant's party witnesses would not attend
proceedings in the Western District of Tennessee, and because
§ 1404(a) "provides for transfer to a more convenient forum, not
to a forum likely to prove equally convenient or inconvenient,"
convenience to party witnesses does not weigh in favor of
transfer. Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964).

### 2. Non-party Witnesses

While convenience to party witnesses is an important
consideration, "it is the convenience of non-party witnesses,
rather than employee witnesses . . . that is the more important
factor and is accorded greater weight." Steelcase, 336 F. Supp.
2d at 721 (quoting Gundle Lining Constr. Corp. v. Fireman's Fund
Ins. Co., 844 F. Supp. 1163, 1166 (S.D. Tex. 1994)).

Defendant asserts that three non-party witnesses, Becky
Engel, Chris McDonald, and Chad Kleinheksel, would be unwilling
to attend or seriously inconvenienced by a trial in the Western
District of Tennessee. (ECF No. 22 at 8-11.) Engel and
McDonald, both former employees of Defendant, would provide
critical testimony about Defendant's "non-infringement and
invalidity defenses" and the state of the industry and the level
of skill in the art at the time of the invention. (Id. at 9.)
Kleinheksel is outside counsel who would provide legal analysis

based on a prior investigation related to the accused product. (Id. at 10.)

Engel declared that she "would not come to trial to testify unless compelled to do so." (Decl. of Becky Engel ¶ 7, ECF No. 25.) McDonald informed Defendant's general counsel that "he would not willing[ly] participate in this litigation." (Decl. of Michael Bregenzer ¶ 13, ECF No. 24.) Kleinheksel declared that trial in this district "would impose a severe hardship" on his personal and professional responsibilities. (Decl. of Chad Kleinheksel ¶ 7, ECF No. 26.) All three are outside of the subpoena power of this Court but subject to the subpoena power of the Western District of Michigan. (ECF No. 22 at 10.) Defendant argues that live testimony by all three witnesses is crucial to its case. (Id. at 9-10.)

Plaintiff asserts that McDonald's testimony would be unnecessary in light of Engel's, and thus, only Engel's convenience is relevant. (ECF No. 34 at 19.) Plaintiff asserts that a subpoena will not be necessary if Engel volunteers to testify, and that if she maintains that she will only testify if compelled, her testimony can be presented by deposition. (Id.) Plaintiff also argues that Kleinheksel's convenience is irrelevant as he is Defendant's patent prosecution counsel, and convenience of a transfer for counsel should not be a

consideration.  (<u>Id.</u> (citing <u>Quixtar Inc. v. Signature Mgmt.</u>

<u>Team, LLC</u>, 566 F. Supp. 2d 1205, 1208 n.1 (D. Nev. 2008)).)

The Court finds that Defendant has met its burden to show

the nature of the non-party witnesses' testimony, and that the

testimony of Engel and/or McDonald is likely material to

Defendant's non-infringement and invalidity defenses.  The Court

finds that Kleinheksel's testimony is also likely material but

that his asserted hardship is not so severe as to influence the

venue transfer analysis.  Kleinheksel's general assertions that

a trial in the Western District of Tennessee would disrupt his

family and work obligations are not unique and may apply to many

witnesses for both parties.  In addition, unlike Engel and

McDonald who are no longer associated with or employed by

Defendant, Kleinheksel has represented and continues to

represent Defendant on patent matters.  (Decl. of Chad

Kleinheksel ¶ 3.)  While he is not counsel for Defendant in this

case and thus, <u>Quixtar</u> does not apply, Kleinheksel is still

likely to cooperate because of his duties to Defendant as his

client, even though he is not a party witness.  <u>Cf.</u> <u>supra</u> Part

III.B.1 (finding that party employees are likely willing to

cooperate because of employment responsibilities).  To the

extent that Kleinheksel would be considered an opinion witness,

his inconvenience is even less persuasive as a factor in favor

of transfer.  <u>See</u> <u>First Union Nat'l Bank v. Paribas</u>, 135 F.

Supp. 2d 443, 449 & n.19 (S.D.N.Y. 2001) ("the location of
defendants' retained expert is entitled to little if any
consideration in the analysis"); Webster-Chicago Corp. v.
Minneapolis-Honeywell Regulator Co., 99 F. Supp. 503, 505 (D.
Del. 1951) (suggesting that opinion witnesses are selected for
their expertise, not residence, and "are presumably well
compensated for their attendance, labor and inconvenience, if
any").

The Court also finds that the non-party witnesses'
testimony may be presented by deposition. See Fed. R. Civ. P.
32(a)(4) (permitting use of deposition testimony when a witness
is unavailable to attend a hearing or trial); see also In re
Altera Corp., 494 F. App'x 52, 53 (Fed. Cir. 2012) (indicating
that the availability of video depositions can be a
consideration in analyzing a motion to transfer); In re Apple
Inc., 374 F. App'x 997, 998 (Fed. Cir. 2010) (per curiam) ("the
convenience of the witnesses did not weigh either in favor of or
against transfer, particularly in light of the availability of
video depositions of non-party witnesses").

Although Defendant asserts that live testimony is
necessary, "there is no need to insist upon live testimony when
the credibility of the witness is not in question." McDaniel v.
BSN Medical, Inc., Civil Action No. 4:07CV-36-M, 2010 WL
2464970, at *4 (W.D. Ky. June 15, 2010) (quoting Borchardt v.

19

United States, 133 F.R.D. 547, 548 (E.D. Wis. 1991)). Thus,

since it is unlikely that the witnesses' credibility will be at

issue, the witnesses' availability to testify by deposition

negates any inconvenience to them caused by litigating in the

Western District of Tennessee. Further,

> to the extent [a witness'] testimony is called into
> question, any concern over the inability for the jury
> to assess his credibility is significantly alleviated
> because the deposition will be presented to the jury
> by video rather than being read from a transcript.
> "Videotaped testimony prepared specifically for use at
> trial mitigates the concerns militating against the
> use of depositions in lieu of live testimony. First,
> although the witness is not physically present in the
> courtroom, the jury has the opportunity to observe his
> manner and hear his voice during the testimony.
> Second, the witness is questioned just as he would be
> at trial by counsel for both parties."

Id. (quoting Hague v. Celebrity Cruises, Inc., No.

95CIV.4648(BSJ)(JCF), 2001 WL 546519, at *2 (S.D.N.Y. May 23,

2001)).

Accordingly, because Engel and McDonald may be compelled to

testify by deposition and/or video deposition, the inconvenience

to them should be a neutral factor. The inconvenience to

Kleinheksel, who has not demonstrated that he would be severely

inconvenienced by, and is likely to appear at, proceedings in

the Western District of Tennessee, is unsubstantiated and does

not support a transfer of venue.

## C. Interests of Justice

The "interest of justice" factor has been interpreted

broadly by courts, influenced by the individualized
circumstances of each case. The Federal Circuit has set forth a
non-exhaustive list of pertinent public interest factors:

> (1) the administrative difficulties flowing from court
> congestion; (2) the local interest in having localized
> interests decided at home; (3) the familiarity of the
> forum with the law that will govern the case; and (4)
> the avoidance of unnecessary problems of conflicts of
> laws or in the application of foreign law.

In re Acer Am. Corp., 626 F.3d 1252, 1254 (Fed. Cir. 2010).

The asserted interest of justice factors in this case are
promoting trial efficiency and litigating localized
controversies "at home." (ECF No. 22 at 13-15; ECF No. 34 at
11-13; see Esperson, 2010 WL 4362794, at *5 (quoting Gulf Oil,
330 U.S. at 508-09).) The parties agree that trial efficiency
is a neutral factor since the Western District of Tennessee and
the Western District of Michigan have similar caseloads and time
to trial.[4] (ECF No. 22 at 13-14; ECF No. 34 at 11.) The Western
District of Tennessee's participation in the Patent Pilot
Program, too, is a neutral consideration. See Round Rock
Research, LLC v. Oracle Corp., 2011 WL 5600363, at *9 (E.D. Tx.
Oct. 21, 2011) ("[R]egardless of the Eastern District's
participation in the Patent Pilot Program, both Courts are

---

[4] Defendant notes in its reply brief that, comparing only the two
districts' patent dockets, the Western District of Michigan has adjudicated a
higher number of cases and has concluded cases in a shorter amount of time.
(ECF No. 42-1 at 5.) As the difference in median time from filing to
termination is only approximately two months, and the difference in mean time
only approximately three months (ECF No. 44 ¶ 15), however, the Court does
not find this patent-case-specific data to affect the neutrality of the trial
efficiency factor.

capable of applying patent law appropriately.  The Court finds
[this] factor[] to be neutral.")  Thus, the Court examines only
the local interest factor and finds that it weighs in favor of
transfer.

Defendant asserts that the Western District of Michigan has
a substantial local interest in adjudicating the case because it
is home to Defendant and its witnesses and evidence.  (ECF No.
22 at 14.)  In response, Plaintiff argues not that the Western
District of Tennessee has a local interest, but rather that the
Southern District of New York, the venue Plaintiff asserts is
now required based on a forum-selection clause in the 2007
settlement agreement, has a local interest.  (ECF No. 34 at
11-13.)  As the Court in deciding the instant motion need only
compare Defendant's proposed transferee venue to Plaintiff's
original choice of venue, Plaintiff's assertions about the local
interest of Southern District of New York are irrelevant.  The
Court finds that the local connection to the Western District of
Michigan is stronger in this case because Plaintiff has only
asserted that documents, and not witnesses or party employees,
are in the Western District of Tennessee.  Thus, the local
interest factor weighs in favor of transfer.

**IV.  CONCLUSION**

For the foregoing reasons, the Court finds that, in
balancing the statutory factors, Defendant has not demonstrated

that the Western District of Michigan is a more convenient forum

than the Western District of Tennessee.  Only one "interest of

justice" factor, the local interest, favors transfer, while one

"convenience to parties" factor and both "convenience to

witnesses" factors do not favor transfer.  Since convenience to

witnesses, particularly non-party witnesses, is generally

regarded as the most important consideration in a venue-transfer

analysis, see Steelcase, 336 F. Supp. 2d at 720-21, and in this

case, it does not favor transfer, Defendant's Motion to Transfer

Venue is DENIED.


**IT IS SO ORDERED**, this 5th day of January, 2016.


/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE